UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CANDACE WILSON-LOVE As executrix of the estate of William Martin Love, deceased and as Next Friend of C.L., K.L., and T.L., minors, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:24-cv-01084-SEB-TAB |
| | ) |
| DEALER'S CHOICE TRUCKAWAY SYSTEM INC. d/b/a TRUCK MOVERS, et al., | )<br>)<br>) |
| Defendants. | ) |

**ORDER ON FEBRUARY 25, 2026, TELEPHONIC STATUS CONFERENCE**

The parties appeared by counsel February 25, 2026, for a telephonic status conference to address a discovery dispute related to evidence of damages. The parties disputed whether Plaintiff produced sufficient records of the decedent's past earnings and financial support for his three minor children.

By way of background, this case stems from a pedestrian accident that killed William Martin Love. Plaintiff Candace Wilson-Love, Love's sister and the personal representative of his estate, brought this lawsuit on behalf of his three minor children. Among other elements of damages, Plaintiff seeks to recover the decedent's lost earnings and financial support for the children. Defendant Dealer's Choice Truckaway System, Inc.[1] served discovery on Plaintiff in November 2024 that sought records of the decedent's earnings and child support. Plaintiff responded to that discovery but has yet to produce key records, such as evidence of court-ordered

---

[1] At the February 25 conference, counsel for Dealer's Choice led the discussion as to Plaintiff's discovery deficiencies. The Court understands that the other Defendants join Dealer's Choice in seeking additional records from Plaintiff.

1

or informal child support payments, tax returns, W-2s, and documentation of the decedent's alleged promotion and managerial training.  Discovery was served over a year ago, yet Plaintiff has produced no evidence of specific child support orders or payments and no evidence to support her allegation that, shortly before his death, the decedent had been promoted to a salaried position as an assistant manager at an unspecified Burger King location.  Plaintiff only recently searched a storage locker where she stored the decedent's effects for responsive materials.  At the February 25 conference, Plaintiff's counsel described Plaintiff's other efforts to obtain child support, employment, and tax documentation sought by Defendants.  However, the Court finds those efforts half-hearted, inadequate, and belated.

At the same time, Dealer's Choice should have acted sooner to inform the Court of Plaintiff's discovery deficiencies or to obtain the missing materials via subpoenas *duces tecum* or public records requests.  This case is set for trial on June 22, 2026—less than four months from now.  Discovery has closed.  [Filing No. 71 (closing non-expert and liability discovery on November 28, 2025, and expert and damages discovery on February 27, 2026)].  Defendants did not request a S.D. Ind. Local Rule 37-1 conference until February 19, 2026.  Additionally, there were excessive delays in seeking alternative means for obtaining this discovery.  At the February 25 conference, counsel for Dealer's Choice stated that she waited until "the latter part of 2025" to subpoena employment and child support records and until December 2025 to request tax records from the IRS.

Rule 34(a) of the Federal Rules of Civil Procedure requires parties to produce materials in their "possession, custody, or control."  A party may have control of evidence under Rule 34(a) if they have the legal right to obtain the evidence.  *Gibbs v. Abt Electronics, Inc.*, No. 21 C 6277, 2023 WL 6809610, at *2 (N.D. Ill. Oct. 16, 2023) (citing *Thermal Design, Inc. v. American Society*

2

*of Heating, Refrigerating and Air-Conditioning Engineers, Inc.*, 755 F.3d 832, 839 (7th Cir. 2014)). Because Indiana law grants a personal representative of an estate the right to possess all real and personal property of a decedent, a personal representative has the right to obtain a decedent's financial records and must locate and produce such records in discovery, even if the records were not originally in the actual possession of the personal representative. *Symons International Group, Inc. v. Continental Casualty Co.*, No. 1:01-cv-00799-RLY-MJD, 2016 WL 3124626, at *2 (S.D. Ind. June 3, 2016) (finding that a personal representative must produce a decedent's tax returns, bank account records, and other financial documents that the personal representative had a legal right to obtain); *Symons International Group, Inc. v. Continental Casualty Co.*, No. 1:01-cv-00799-RLY-MJD, 2015 WL 4392933, at *8 (S.D. Ind. July 15, 2015) (ordering a personal representative to contact financial institutions and the IRS and "make good faith and reasonable efforts" to obtain materials requested in discovery). As the personal representative of Love's estate, Plaintiff has the legal right to obtain the evidence requested by Dealer's Choice, yet she has failed to make good faith and reasonable efforts to do so.

      Plaintiff shall promptly take all possible efforts to obtain and produce evidence of the decedent's earnings and financial support for his three minor children—including tax and employment records; W-2s; and documentation of court-ordered child support payments, informal child support payments made via Chime or CashApp, and managerial promotions and training. Plaintiff shall also identify the Burger King location where the decedent worked. Ultimately, Plaintiff has the burden of proving damages, and her lackadaisical pursuit of records may put this in jeopardy.

      Additionally, Plaintiff shall serve an updated settlement proposal by March 13, 2026, and Defendants shall serve a response by March 27, 2026. The parties shall submit copies of their

settlement proposal/response to the magistrate judge at the time of service via email at MJBaker@insd.uscourts.gov.

Date: 2/27/2026

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email