UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CANDACE WILSON-LOVE As executrix of the estate of William Martin Love, deceased and as Next Friend of C.L., K.L., and T.L., minors,<br><br>Plaintiff,<br><br>v.<br><br>DEALER'S CHOICE TRUCKAWAY SYSTEM INC. d/b/a TRUCK MOVERS, et al.,<br><br>Defendants. | No. 1:24-cv-01084-SEB-TAB |

**ORDER ON PLAINTIFF'S MOTIONS FOR LEAVE TO AMEND RESPONSES TO DEFENDANTS' SUMMARY JUDGMENT MOTIONS**

This wrongful death case is before the Court on two similar motions Plaintiff filed seeking leave to amend her responses to Defendants' summary judgment motions. [Filing Nos. 241, 242.] Defendants object to Plaintiff's motions, and rightly so. For the reasons set forth in those objections, which are summarized below, the Court denies Plaintiff's motions for leave to amend.

On October 30, 2025, Defendants filed two motions for summary judgment. [Filing Nos. 141, 146.] Plaintiff responded to these motions on November 29, 2025, [Filing No. 172] and December 2, 2025 [Filing No. 177]. On December 12, 2025, Plaintiff filed two "objections" to evidence Defendants submitted in support of their summary judgment motions [Filing No. 193, 194.] Plaintiff did not seek leave to do so, prompting Defendants to file motions to strike Plaintiff's objections. [Filing Nos. 197, 205.] Briefing continued on Defendants' summary judgment motions, concluding with Plaintiff filing surreply briefs on December 17 and 23, 2025.

[Filing Nos. 199, 210.] These motions (and many others) now pend. This case is set for a final pretrial conference on June 9, 2026, and for trial beginning on June 22, 2026.

Fast forward to February 11, 2026, when Plaintiff filed the two motions for leave to amend that are now before the Court. Although Plaintiff contends the summary judgment briefing before the Court is sufficient to preclude summary judgment [Filing No. 241, at ECF p. 2; Filing No. 242, at ECF p. 2], Plaintiff's motions seek leave to designate newly discovered evidence, to "refine" arguments, and to "consolidate" Plaintiff's arguments and objections into a single filing. [*Id*.] The newly discovered evidence consists of information Defendants produced on January 22, 2026—one day before the deposition of a Rule 30(b)(6) designee—and purportedly relates to whether Defendant Daimler Truck North America was acting as a motor carrier at the time of the incident underlying this action. As Defendants' objections point out, Plaintiff's motions for leave to amend suffer at multiple levels.

First, Defendants' motions for summary judgment have been fully briefed for more than two months. Plaintiff submitted multiple filings in response to Defendants' summary judgment motions. Plaintiff sent DTNA a list of Rule 30(b)(6) deposition topics after DTNA filed its summary judgment motion. [Filing No. 276, at ECF p. 5.] This means that despite being aware that a Rule 30(b)(6) deposition had not yet been taken, Plaintiff filed her response, objections, and surreply without raising this issue with the Court. Only well after the summary judgment briefing closed did Plaintiff file the motions for leave to amend now before the Court. Although Plaintiff characterizes her motions as based upon newly discovered evidence, Plaintiff is seeking to add evidence—as well as case citations and arguments—that was already available to Plaintiff when she filed her briefs. [Filing No. 276, at ECF p. 2.] Plaintiff's proposed response contains numerous additional exhibits purportedly taken from various Internet sites. [*See* Filing

2

No. 241-3, at ECF p. 350-52, 360-88, 532-540 (Documents 32, 34-37 and 50 to proposed appendix in support of Plaintiff's response).] The affidavit offered to support Plaintiff's motion for leave fails to explain why Plaintiff did not include this evidence in the existing briefing. Similarly, Plaintiff's proposed responses seek to add reference to a new expert, Robert Wozniak. Yet Wozniak's invoices demonstrate that Plaintiff had retained Wozniak before she filed her surreply briefs. [Filing No. 276, at ECF p. 7 (citing Filing No. 276-2).]

Moreover, contrary to Plaintiff's assertion, she is not seeking to merely "refine" her arguments. Rather, Plaintiff essentially seeks leave to assert a whole new argument that could have been raised in her prior responses. Specifically, Plaintiff's summary judgment responses did not address Defendants' arguments regarding vicarious liability and joint enterprise, yet Plaintiff's proposed amended responses devote several pages to these arguments. Plaintiff is not entitled to a "re-do" of her summary judgment briefing.

The Court also notes that the amended responses Plaintiff seeks to file are significantly in excess of the 30-page limit for response briefs. The Court may allow a party to file a brief exceeding these page limits only for "extraordinary and compelling reasons." S.D. Ind. L.R. 7-(e)(2). Plaintiff's motions for leave fall well short of clearing this high bar.

One final point warrants emphasis. The June 22, 2026, trial date—which already has been continued once—is quickly approaching. It is generally this Court's practice to rule on dispositive motions at least 30 days in advance of the final pretrial conference, which is June 9, 2026. That means the Court must endeavor to rule on the many pending motions by early May, just over two months from now. If the Court were to allow Plaintiff to file her proposed amended responses, Defendants would be entitled to file their own amended replies. This

additional briefing would almost surely result in another continuance of the trial date. The Court hopes to avoid such a result.

For these reasons, as more fully set forth in Defendants' objections, the Court denies Plaintiff's motions for leave to amend her responses to Defendants' summary judgment motions. [Filing Nos. 241, 242.]

Date: 3/3/2026

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email